IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH HARRIS, et al. | : | |
| Plaintiffs | : | |
| v. | : | Civil Case No. RWT 14-606 |
| HOUSEHOLD FINANCE CORPORATION, HSBC CONSUMER LENDING MORTGAGE SERVICES | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM OPINION

On December 5, 2013, the Plaintiffs, Joseph and Zalee Harris, acting *pro se*, filed a partially typed and partially handwritten, 140-page Complaint[1] to "stay and dismiss foreclosure and sale of property and request for hearing per MD Rule 2-311(f)." Attached to the Complaint were copies of two deeds of trust executed by the Plaintiffs securing loans made to them by Household Finance Corporation ("HFC"). On February 28, 2014, HFC timely removed the action to this Court, and on March 21, 2014, it filed a Motion to Dismiss the Complaint. (ECF No. 12). Although the Complaint and its attachments and exhibits are voluminous, the essential facts that can be gleaned from the Complaint and the deeds of trust attached to it reflect that on August 23, 2006, the Plaintiffs obtained a home refinance loan in the amount of $362,493.01 from HFC, and that on September 13, 2007, they obtained a $23,300.00 revolving line of credit from HFC. Both the loan and the line of credit were secured by the separate deeds of trust, copies of which are attached to both the Complaint and to the HFC Motion to Dismiss. By the fall of 2010, the Plaintiffs had defaulted on both the loan and the line of credit and they

---

[1] Although the Complaint, as docketed, is 140 pages in length, the language of the Complaint is 21 pages long, with the balance of the document consisting of a veritable smorgasbord of documents. The deeds of trust are filed as exhibits as noted above.

concede that they have "not made a payment since September 1, 2010." The law firm of McCabe, Weisberg & Conway, LLC sent letters to the Plaintiffs in November of 2012 and again in November of 2013 informing them that that law firm had been engaged by HFC to initiate foreclosure proceedings, but to date no such foreclosure proceedings have been commenced. Apparently based on nothing more than speculation from news reports concerning the activities of some mortgage lenders, the Plaintiffs alleged that they were victims of fraudulent dealing (no specification is provided) and they allege that HFC sold the notes to investors and made billions of dollars. The Plaintiffs also demand that they need the "original wet ink" of the notes and deeds of trusts so that they can "validate this mortgage." (Complaint, ECF No. 2, p. 11). Without any apparent foundation whatsoever, the Plaintiffs contend that HFC is no longer the owner of the mortgage, deed, or note and that it is using the deed of trust or invalid documents against property owners like them to foreclose on their property.

## Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face." (internal quotation marks and emphasis omitted)). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to

Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d. 261, 266 (4th Cir. 2009)). A pro se plaintiff is held to a "'less stringent'" standard than a lawyer, however, and the Court must liberally construe a pro se plaintiff's pleadings. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

## Discussion

Even with the liberal interpretation afforded to *pro se* pleadings, the at times indecipherable Complaint filed by the Plaintiffs utterly fails to state a claim for any of the apparent theories relied upon for relief.

The Complaint, while not organized into counts, appears to demand that HFC be required to produce original "wet ink" notes signed by them, and that any failure to produce those notes evidences a "lack of standing" to enforce rights under the loan, the line of credit, or the deeds of trust. The Plaintiffs have not alleged, nor does it appear that they are in a position to prove, that any entity other than Household Finance Corporation holds the loan instruments executed by them, and there is no recognizable claim to demand in an action brought by a borrower that the lender produce "wet ink" signature documents.

The Plaintiffs also challenge the enforceability of the loan documents because it is their contention that the note was "securitized" and, as a result, valid debts incurred by them have become unenforceable. First, it does not appear that there is any good faith basis for alleging that the loan instruments executed by the Plaintiffs were securitized, but even if they were, it is clear that the securitization process does not make negotiable instruments and deeds of trust

unenforceable. This Court and others in the Fourth Circuit have consistently so held. *See e.g., Suss v. JP Morgan Chase Bank, N.A.*, 09-cv-1627-WMN, 2010 WL 2733097, at *6 (D. Md. Jul. 9, 2010).

The Plaintiffs also seek to "quiet the title" to their property by voiding the deeds of trust. This claim, as well, fails as a matter of law. Under Maryland law, a "quiet title action is a suit in which a plaintiff seeks a decree that some allegedly adverse interest in property is actually defective, invalid or ineffective prior to and at the time suit is brought either because the lien was invalidly created or has become invalid or has been satisfied." *Kasdom v. G.W. Zierden Landscaping, Inc.*, 541 F. Supp. 991, 995 (D. Md. 1982). Where, as here, the Plaintiffs have conveyed their property through the medium of a deed of trust to trustees securing repayment of a loan, they no longer have a claim to legal title to the property and a quiet title action is not appropriate. This conclusion is reinforced by the June 6, 2014, decision of the Fourth Circuit in *Anand et al. v. Ocwen Loan Servicing, LLC et al.* in which it observed that the property owner appellants in that case, having executed deeds of trust to secure the repayment of loans, "do not, and cannot, plausibly allege that they own legal title to that property. Consequently, their complaint fails to state a claim for relief under Maryland's quiet title statute." *Anand et al. v. Ocwen Loan Servicing, LLC et al.*, No. 13-1900, 2014 WL 2535405, at *2 (4th Cir. June 6, 2014).

Also included in the Plaintiffs' Complaint is a motion to compel HFC to respond to Interrogatories. Such a motion is not appropriate for inclusion in a complaint, and the service of Interrogatories is not authorized under the local rules of this Court until a scheduling order has been issued, which has not taken place. *See* Local Rule 104.4 (2014).

The Plaintiffs also include within the body of their Complaint a motion to stay and dismiss a foreclosure proceeding. Once again, a motion is not appropriate for inclusion within the body of a complaint, but even if it were, there is not now any foreclosure proceeding to either stay or dismiss and, accordingly, there is no controversy before the Court upon which it may act.

## **Conclusion**

For the foregoing reasons, the Plaintiffs' Complaint will, by separate Order, be dismissed and all of the Plaintiffs' related motions will be denied.


Date: July 18, 2014                              /s/
                                      Roger W. Titus
                                      United States District Judge